UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GERMAN SPORT GUNS GMBH

CIVIL ACTION

VERSUS

NUMBER 14-736-JWD-SCR

HECKLER & KOCH GMBH, ET AL

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 27, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GERMAN SPORT GUNS GMBH

VERSUS                                    CIVIL ACTION

HECKLER & KOCH GMBH, ET AL                NUMBER 14-736-JWD-SCR


**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Motion to Remand filed by plaintiff German Sport Guns GmbH ("GSG"). Record document number 8. The motion is opposed.[1]

Plaintiff filed a Petition for Declaratory Judgment in state court seeking to have certain trademarks registrations filed by defendants Heckler & Koch GmbH ("HKG") and Heckler & Koch, Inc. ("HKI") declared invalid under Louisiana law and canceled. Defendants removed the action asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants alleged complete diversity of citizenship between the plaintiff and the defendants.[2]

---

[1] Record document number 14. Plaintiff filed a reply memorandum. Record document number 23.

[2] Record document number 1, ¶ 3. Defendants alleged that plaintiff GSG is a German limited liability company with its principal place of business in Ense, Germany, defendant HKG is a German limited liability company with its principal place of business in Oberndorf am Neckar, Germany, and defendant HK is a Virginia corporation with its principal place of business in Ashburn, Virginia.
The citizenship of a limited liability company is determined by considering the citizenship of all its members. Thus, to properly allege the citizenship of a limited liability company, the

(continued...)

Defendants also alleged several facts to demonstrate that the amount in controversy exceeded $75,000.[3]

Plaintiff moved to remand, asserting a lack of complete diversity under § 1332(a) because plaintiff GSG and defendant HKG are both citizens of a foreign state, Germany. Plaintiff also argued that the defendants failed to establish that the required amount in controversy is been met.

Defendants opposed the motion arguing that the HKG was fraudulently misjoined, i.e. not properly joined under the state law statute for permissive joinder of claims, and therefore its citizenship should be disregarded for the purpose of determining diversity jurisdiction. Plaintiff responded by arguing that the defendants' claims of misjoinder were not asserted in the Notice of Removal and therefore are untimely § 1446.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts

---

[2](...continued)
party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332 (d). Defendants' allegations in the Notice of Removal are not sufficient to satisfy the federal standard for properly alleging the citizenship of a limited liability company. However, for the purposes of this Magistrate Judge's Report the defendants' failure to properly allege the citizenship of the German limited liability companies is not determinative.

[3] *Id.*, ¶¶ 13-30.

necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Under 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction when the amount in controversy is satisfied and complete diversity of citizenship between the parties exists. When jurisdiction is based on diversity of citizenship, an action between alien citizens is not removable. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535 (5th Cir. 2014); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1298 (5th Cir.1985); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir. 1985).

Defendants asserted that non-diverse defendant HKG was fraudulently misjoined, and thus its citizenship should be disregard for purposes of analyzing jurisdiction. The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The party seeking removal based on improper joinder bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305,

312 (5th Cir. 2002). In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Costs and Attorney's Fees**

Plaintiff also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be

4

"faithful to the purposes" of awarding fees under §
1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's
actions at the time of removal, based on an objective view of the
legal and factual elements in each particular case, irrespective of
the fact that it was ultimately determined that removal was
improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993);
*Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert.
denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

Defendants failed to show that the citizenship of defendant
HKG does not destroy diversity jurisdiction.  The parties do not
dispute that both the plaintiff and defendant HKG are citizens of
Germany.   Thus, based on the allegations of the plaintiff's
Petition for Declaratory Judgment and the Notice of Removal,
complete diversity does not exist.[4]

Defendants argued that under the analysis set forth in
*Tapscott v. MS Dealer Service Corp*, HKG was improperly "misjoined"
and its citizenship should be disregarded in a diversity

---

[4] Defendants' Notice of Removal does not specifically assert
the improper joinder of HKG.  Because the Court finds that the
defendants failed to establish improper joinder, the effect of the
alleged procedural deficiency does not need to be addressed.

jurisdiction determination.[5]    In *Tapscott*, the Eleventh Circuit found that a removing party may establish that another defendant was fraudulently joined by demonstrating that (1) a defendant has been misjoined with other defendants in violation of applicable joinder rules; and (2) the misjoinder is so egregious as to constitute fraudulent joinder.[6]

The *Tapscott* decision is not controlling in the Fifth Circuit, and its analysis has not been adopted by the Fifth Circuit. Although dicta from the Fifth Circuit's opinion in *In re Benjamin Moore & Co.*[7] has been cited by other district courts to justify applying *Tapscott*'s theory of improper misjoinder,[8] this court does not need to resolve the legal issue because ambiguities in the applicable law must be resolved in favor of the non-removing party. Until the Fifth Circuit adopts the holding in *Tapscott*, improper joinder can only be established by demonstrating actual fraud in the pleading of jurisdictional facts or the inability of the

---

[5] 77 F.3d 1353 (11th Cir. 1996).

[6] *Id*. at 1360.

[7] 309 F.3d 296, 298 (5th Cir. 2002).    The appellate court addressed a petition for writ of mandamus and denied the petition, concluding only that the district court should consider whether the plaintiffs were improperly joined so as to defeat diversity jurisdiction.

[8] See e.g. *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 2014 WL 6750649 (E.D.La. Dec. 1, 2014); *Martison v. Total Petrochemical & Refining USA, Inc.*, 2014 WL 2169970 (S.D.Tex. May 23, 2014); *Robinson v. Direct General Ins. Co. of Mississippi*, 2013 WL 5430515 (N.D.Miss. Sept. 27, 2013).

plaintiff to establish a cause of action against the non-diverse party in state court. Defendants have not shown actual fraud in the pleading of jurisdictional facts or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. At most, the defendants have shown that there is a state law procedural issue as to whether the plaintiff's claims against both defendants can be brought in the came case. Because the defendants have not shown that defendant HKG was improperly joined, as the term is applied in the context of removal, its citizenship destroys diversity jurisdiction under § 1332.

**Costs and Attorney's Fees**

The record supports finding that an award of expenses is not warranted under § 1447©). An award under § 1447(c) requires a showing that at the time of removal the defendants lacked an objectively reasonable basis for seeking removal. Given the questionable applicability of *Tapscott* in the Fifth Circuit, a finding that the defendants lacked an objectively reasonable basis for the removal is not supported. For this reasons, the plaintiff's request for an award of fees and costs incurred in connection with the Motion to Remand should be denied.

**Conclusion**

Defendants have the burden of establishing subject matter

jurisdiction. Plaintiff and defendant HKG are both citizens of a foreign state. Thus, the defendants failed to establish complete diversity of the parties for purposes of subject matter jurisdiction under 28 U.S.C. § 1332.

Because the defendants' removal was objectively reasonable, an award of expenses under § 1447(c) is not warranted.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff German Sport Guns GmbH be granted. It is further recommended that the plaintiffs' request for an award of expenses under 28 U.S.C. § 1447(c) be denied.

Baton Rouge, Louisiana, February 27, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE